IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIVIA UJHELYI,

    Plaintiff,

v.

TOM VILSACK, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE

    Defendant.

No. C 12-04282 JSW

**ORDER GRANTING MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOVING CASE MANAGEMENT CONFERENCE TO 1:30 P.M.**

**(Docket No. 73.)**

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Strike Portions of Defendant's Answer to Plaintiff's First Amended Complaint, filed by Plaintiff Livia Ujhelyi ("Ms. Ujhelyi"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the motion hearing scheduled for December 6, 2013 at 9:00 a.m. The Court GRANTS, IN PART, Ms. Ujhelyi's motion, GRANTS Secretary Vilsack leave to amend, and HEREBY RESCHEDULES the initial case management conference from 9:00 a.m. on December 6, 2013 to 1:30 p.m. on that date.

## BACKGROUND

Ms. Ujhelyi filed her original complaint in this action on August 14, 2012. Defendant Tom Vilsack, Secretary, United States Department of Agriculture ("Secretary Vilsack") filed a

1  timely motion to dismiss, pursuant to Federal Rule of Civil Procedure 12. On May 23, 2013,
2  the Court issued an Order granting in part and denying in part Secretary Vilsack's motion, and
3  it granted Ms. Ujhelyi leave to amend.

4  On June 24, 2013, pursuant to the Court's Order, Ms. Ujhelyi filed her First Amended
5  Complaint. On June 28, 2013, Secretary Vilsack timely filed a motion to dismiss the First
6  Amended Complaint. The Court denied that motion on August 7, 2013.

7  Secretary Vilsack filed his answer on August 21, 2013, and asserted the following
8  fifteen affirmative defenses: (1) failure to state a claim; (2) lack of subject matter jurisdiction;
9  (3) failure to exhaust administrative remedies; (4) plaintiff's claims are barred to the extent she
10 seeks relief for "conduct occurring more than the prescribed number of days within which she
11 was required to file an administrative complaint;" (5) failure to timely comply with applicable
12 regulations and statutes of limitations; (6) defendant exercised reasonable care to prevent an
13 correct any allegedly discriminatory, retaliatory, or harassing conduct; (7) defendant maintains
14 an effective administrative process for preventing and correcting any improper, retaliatory,
15 discriminatory, and harassing conduct and plaintiff unreasonably failed to avail herself of those
16 opportunities; (8) estoppel, laches, and unclean hands; (9) Secretary Vilsack or his agents did
17 not engage in the conduct which was the proximate cause of plaintiff's injuries; (10) if any of
18 Secretary Vilsack's agents engaged in the alleged conduct, they did so outside the course and
19 scope of their employment; (11) plaintiff failed to mitigate her damages; (12) plaintiff may only
20 recover those damages allowed by law; (13) defendant is entitled to a set-off; (14) Secretary
21 Vilsack would have taken the same action irrespective of the allegedly illegal or improper
22 motive; and (15) a reservation of the right to raise further additional defenses.[1]

23 //
24 //
25 //

---

[1] Although Ms. Ujhelyi did not file her motion within the time permitted under Federal Rule of Civil Procedure 12, when the Court denied her motion to dismiss the answer, it did advise her that if she believed any affirmative defense was insufficient, she could file a motion to strike. In light of Ms. Ujhelyi's pro se status, and in light of the Court's Order, the Court will not deny the motion on the basis that it was untimely.

2

**ANALYSIS**

**A.      Legal Standard on a Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 974 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations and citations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations and citations omitted). In order to show that a defense is insufficient, "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands,* 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *California Dep't of Toxic Substance Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Ultimately, the decision about whether to strike allegations is a matter within the Court's discretion. *Id*. In addition, in the absence of prejudice to the opposing party, courts should freely grant leave to amend. *Barnes v. AT &T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

**B.      The Court Grants, in Part, the Motion to Strike and Grants Leave to Amend.**

Ms. Ujhelyi argues that Secretary Vilsack's answer fails to provide her with fair notice of the facts supporting the affirmative defenses, and urges the Court to apply the pleading standards set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) to determine whether a defendant has provided fair notice of an affirmative defense. Neither the Supreme Court nor the Ninth Circuit have addressed this question, and district courts are split on the issue. *Compare, e.g., Roe v. City of San Diego*, __F.R.D. __, 2013 WL 811796, at *2-*3 (S.D. Cal. Mar. 5, 2013) (declining to apply *Twombly*

3

1    and *Iqbal*) *with, e.g., Barnes*, 718 F. Supp. 2d at 1171-73 (applying *Twombly* and *Iqbal*).  This

2    Court previously rejected the argument that the pleading standards set forth in *Twombly* and

3    *Iqbal* apply to affirmative defenses.  However, the majority of courts within this District have

4    applied *Twombly* and *Iqbal* to affirmative defenses.  *See, e.g., Ansari v. Electronic Document*

5    *Processing*, 2013 WL 664676, at *2 (N.D. Cal. Feb. 22, 2013); *Powertech Technology, Inc., v.*

6    *Tessera, Inc.*, 2012 WL 1746858, at *3-*5 (N.D. Cal. May 16, 2012); *Perez*, 2012 WL

7    1029425, at *6-*8 (citing cases); *Barnes*, 718 F. Supp. 2d at 1171-1172.

8    　　　　As many of those courts have noted, applying the standards enunciated in *Twombly* and

9    *Iqbal* will "serve to weed out the boilerplate listing of affirmative defenses which is

10   commonplace in most defendants' pleadings where many of the claims are irrelevant to the

11   claims asserted." *Barnes*, 718 F. Supp. 2d at 1172.  Further, although a defendant may have

12   less time to answer a complaint than a plaintiff has draft one, the Ninth Circuit has "liberalized

13   the requirement that affirmative defenses be raised in an initial pleading." *Rivera v. Anaya*, 726

14   F.2d 564, 566 (9th Cir. 1984).  After careful consideration, the Court has been persuaded by the

15   reasoning of those courts that apply *Twombly* and *Iqbal* to affirmative defenses, and it shall

16   evaluate the sufficiency of Secretary Vilsack's affirmative defenses under that standard.

17   　　　　"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

18   deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v.*

19   *KMG Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v Toledo*, 446 U.S.

20   635, 640-41 (1980)).  To the extent Secretary Vilsack's affirmative defenses are "true"

21   affirmative defenses, many are no more than bare legal conclusions, which do not "point to the

22   existence of some identifiable fact that if applicable to [Ms. Ujhelyi] would make the

23   affirmative defense plausible on its face." *Barnes*, 718 F. Supp. 2d at 1172; *see also Perez*,

24   2012 WL 1029425, at *8 (noting that an affirmative defenses need not include "extensive

25   factual allegations" but "bare statements reciting mere legal conclusions may not be

26   sufficient").  By way of example, Secretary Vilsack has not included any factual conduct on

27   Ms. Ujhelyi's part that would demonstrate the basis for an unclean hands, laches or an estoppel

28   defense.  *See Perez*, 2012 WL 1029425, at *8.  The same is true with respect to Secretary

4

Vilsack's affirmative defenses regarding the statute of limitations, failure to exhaust, and compliance with regulations. *See, e.g., Barnes*, 718 F. Supp. 2d at 1172-73. Accordingly, the Court strikes the second, third, fourth, fifth, eighth, tenth, eleventh and twelfth affirmative defenses.

In general, if a court strikes affirmative defenses, leave to amend should be freely given, unless it would be futile, is a result of bad faith or undue delay, or if the opposing party would suffer prejudice. *In re Dyanamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007) (motion for judgment on the pleadings); *Barnes*, 718 F. Supp. 2d at 1170 (motion to strike). Because this Court has not yet conducted the initial case management conference, and this case is still in the early stages of litigation, the Court GRANTS Secretary Vilsack leave to amend these affirmative defenses.

The Court also strikes the first, ninth and fourteenth affirmative defenses, because those "affirmative defenses" do not plead matters extraneous to Ms. Ujhelyi's prima facie case. Rather, they merely restate Secretary Vilsack's denial that he caused her to suffer any damages. *See, e.g., Barnes*, 718 F. Supp. 2d at 1173-74. Accordingly, the Court shall strike these affirmative defenses as redundant and without leave to amend. However, this ruling does not preclude Secretary Vilsack from arguing those issues at trial.

Finally, Secretary Vilsack's fifteenth affirmative defense is not an affirmative defense at all. Rather, it is a statement that he reserves the right amend the answer and to assert additional affirmative defenses as this case progresses. Accordingly, the Court strikes that "affirmative defense," but shall not preclude Secretary Vilsack from reserving any rights in the amended answer permitted by this Order.

Secretary Vilsack shall file an amended answer by no later than December 6, 2013.

**IT IS SO ORDERED.**

Dated: November 25, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5