**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVIA UJHELYI, | No. C 12-04282 JSW |
|     Plaintiff, | **ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO REVIEW TAXATION OF COSTS** |
|     v. | |
| TOM VILSACK, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE | **(Docket Nos. 168, 170)** |
|     Defendant. | |

This matter comes before the Court upon consideration of the motion to review taxation of costs, filed by Plaintiff Livia Ujhelyi ("Ms. Ujhelyi"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument.[1] The Court HEREBY GRANTS, IN PART, AND DENIES, IN PART, Ms. Ujhelyi's motion.

**BACKGROUND**

On October 6, 2014, the Court granted the motion for summary judgment filed by Defendant Tom Vilsack, Secretary, U.S. Department of Agriculture ("Secretary Vilsack"), and entered judgment in Secretary Vilsack's favor. On December 20, 2014, Secretary Vilsack submitted a bill of costs, to which Ms. Ujhelyi objected. On November 10, 2014, the Clerk taxed costs in the amount of $7,383.00. On November 17, 2014, Secretary Vilsack submitted

---

[1] Ms. Ujehlyi filed her reply brief on January 20, 2015. The Court takes notice of her representations that she attempted to meet the filing deadline of January 16, 2015, and it shall accept the brief.

1  an amended bill of costs. On December 12, 2014, pursuant to the amended bill of costs, the

2  Clerk taxed costs in the amount of $5,770.50.

3  On December 26, 2014, Ms. Ujhelyi filed the motion to review the taxation of costs.

**ANALYSIS**

**A.   Applicable Legal Standard.**

A judge or clerk of the court may tax costs for the following expenses:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also* N.D. Civ. L.R. 54-3 (listing costs that are recoverable).

In general, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). However, the district court's "discretion is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id*. (*quoting Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n,* 576 F.2d 230, 234 (9th Cir. 1978)). A district court may consider a number of factors in determining whether to deny costs, including, but not limited to,: (1) the losing party's limited financial resources; (2) the chilling effect on future civil rights litigants from imposing an award of high costs; (3) misconduct by the prevailing party; and (4) whether the litigation presented issues of substantial importance. *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 591; *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995).

//

//

**B.     The Court Grants, in Part, and Denies, in Part, Ms. Ujhelyi's Motion.**

As a preliminary matter, the Court addresses Ms. Ujhelyi's argument that 42 U.S.C. section 2000e-5(k) controls the award of costs in this matter. "When the ... statute forming the basis for the action has an express provision governing costs, ... that provision controls over the federal rules." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (*citing* Fed. R. Civ. P. 54(d)(1)). For example, attorney's fees may be awarded to a prevailing defendant under the Americans with Disabilities Act ("ADA") only if the plaintiff's action was frivolous, unreasonable, or without foundation. *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (*citing Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)). In *Brown*, the court applied the *Christiansburg* test to costs, because it concluded that the ADA "makes fees and costs parallel." *Brown*, 246 F.3d at 1190. Thus, the court held that a prevailing defendant could only be awarded costs if the action was frivolous, unreasonable, or without foundation. *Id.* Ms. Ujhelyi argues that the Court should apply the *Christiansburg* test in this case. However, the Ninth Circuit has rejected that argument. *National Org. v. Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982) (explicitly rejecting an extension of the *Christiansburg* test for an award of attorney's fees to an award of costs under Title VII).

Ms. Ujhelyi also argues that the Court should not award *any* costs to Secretary Vilsack, because the case involved matters of substantial importance. Although it is clear that this case is important to both Ms. Ujhelyi and her husband, the litigation raised issues that related to *her* employment. The Court concludes that Ms. Ujhelyi has not met her burden to show that the Court should deny costs based on a theory that this case involved a matter of substantial importance. *Compare Association of Mexican-American Educators*, 231 F.3d at 593 (noting that action presented "issues of the gravest public importance" and affected "tens of thousands of Californian's and the state's public school system as a whole). In addition, the Court concludes that Ms. Ujhelyi has not demonstrated that the costs at issue are so large that imposition of costs would have a chilling effect on other civil rights litigants. *See, e.g., Save our Valley v. Sound Transit*, 335 F.3d 921, 935 (9th Cir. 2003) (noting sum of $5,310.55 was "relatively small" and district court could have believed it would not chill future civil rights

litigants). In addition, the Court is not persuaded by Ms. Ujhelyi's suggestion that Secretary Vilsack engaged in misconduct during the course of this litigation. Finally, although Ms. Ujhelyi argues that the costs are excessive, she has not argued that it would pose a financial hardship to pay the costs that have been taxed.

Accordingly, the Court DENIES, IN PART, Ms. Ujhelyi's motion to the extent she asks the Court to refuse to award Secretary Vilsack any costs. The Court now turns to her arguments about whether any specific costs excessive and should be reduced.

Ms. Ujhelyi argues that Secretary Vilsack should not be entitled to the costs of the "Min-U-Script" copy of the transcript. Under Northern District Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in the case is allowable." The invoices submitted show that the Clerk awarded costs for the original and the Min-U-Script, which was the copy of the deposition transcripts permitted by the Local Rules. Accordingly, the Court DENIES, IN PART, Ms. Ujhelyi's motion on this basis as well.

However, the Court does find two of Ms. Ujhelyi's arguments persuasive. "A district court may reduce costs which are unreasonably large or which are not supported by adequate documentation." *Shum v. Intel, Corp.*, 682 F. Supp. 2d 992, 999 (N.D. Cal. 2009) (citing, *inter alia*, *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986), *In re Butcher*, 200 B.R. 675, 681 (C.D. Cal. 1996)). Ms. Ujhelyi argues, and submits, evidence that the page rate for the original of each deposition transcript is almost double that of rates charged by court reporting services in New Mexico, where the depositions were taken. Secretary Vilsack's response to this argument is that he used a court reporting service with which the United States Attorney's Office has a contract. (Declaration of Rebecca Falk, ¶ 3.) He does not suggest that Ms. Ujhelyi's information regarding the typical page rate charged by court reporting services in New Mexico is inaccurate or that the service he used charged rates typical for that locality. In light of the materials submitted by Ms. Ujhelyi, the Court finds that the page rate charged for the original of the deposition transcripts is unreasonably large. Accordingly, in the exercise of its discretion, the Court shall reduce the amount charged for the

4

original deposition transcripts by fifty-percent. Therefore, the costs awarded for Ms. Ujhelyi's deposition are as follows: $1,075.00 for the original transcript, $215.00 for the Min-U-Script copy, and $39.60 for exhibits. The costs to be awarded for Dr. Muller's deposition are as follows: $850.00 for the original transcript, $170.00 for the Min-U-Script copy, and $10.80 for the exhibits. Therefore, the Court GRANTS, IN PART, Ms. Ujhelyi's motion on this basis, and it reduces the costs taxed for depositions from $4,285.40 to $2360.40.

Ms. Ujhelyi also argues that the costs relating to service of subpoenas on her doctors and employers are excessive. The Court agrees, in part. The Court concludes that Secretary Vilsack should be permitted to recover the costs of serving subpoenas on each of the persons and entities listed in his Amended Bill of Costs, including those entities that turned out to be one in the same. However, Secretary Vilsack has not explained the basis for seeking the $15.00 rush service charged on eight of those subpoenas.[2] Therefore, the Court shall deduct that charge from those subpoenas. Therefore, the Court GRANTS, IN PART, Ms. Ujhelyi's motion on this basis, and it reduces the costs taxed for service of summons and subpoenas from $1080.85 to $960.85.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Ms. Ujhelyi's motion to review the taxation of costs. The Court REDUCES the total costs taxed from $5770.50 to $3725.50.

Dated: January 21, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Secretary Vilsack required service on an expedited basis, because he served the subpoenas at a time when the deadline to complete discovery was approaching, the Court shall not reward any delinquency on his part. In addition, Secretary Vilsack has not suggested that Ms. Ujhelyi somehow prevented him from seeking this information earlier.

5